IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| AHMAD MILAD NOORULLAH, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 9:26-CV-00068 |
| KRISTI NOEM, in her official capacity as | § | JUDGE MICHAEL J. TRUNCALE |
| Secretary of the Department of Homeland | § | |
| Security, | § | |
| | § | |
| *Respondent*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Ahmad Milad Noorullah (Noorullah)'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Ahmad Milad Noorullah is an Afghan national who entered the United States illegally in September 2024. *See* [Dkt. 10 at 2]. In February 2025, after unsuccessfully applying for asylum, Noorullah was placed in removal proceedings and detained. *Id.* An immigration judge ordered him removed from the United States that same month. *See* [Dkt. 10-]. On January 27, 2026, Noorullah, proceeding pro se, brought a habeas corpus petition, claiming to be detained in violation of federal law. [Dkt. 1].

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that

1

he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

### A. Post-Removal Detention

Because Noorullah has already been ordered removed from the United States, 8 U.S.C. § 1231 governs his detention. *See Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Post-removal detention is presumptively valid when fewer than six months have elapsed since the issuance of the detainee's final removal order. *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 691 (2001)). Detention for more than six months is legal only if there exists a "significant likelihood" that the alien will be removed in the "reasonably foreseeable future." *Andrade*, 459 F.3d at 543 (citing *Zadvydas*, 533 U.S. at 701).

Here, Noorullah has been detained for over a year since an immigration judge ordered his removal. Accordingly, the Government must demonstrate that he is significantly likely to be removed in the reasonably foreseeable future. The Government has met this burden. In a sworn declaration, deportation officer Marcel Crawford stated that the Government will deport Noorullah to Afghanistan once it receives new travel documents for him. [Dkt. 10-2 at 4]. Crawford also indicated that the Government is actively working to obtain new documents for Noorullah, whose passport expired in 2024. *See id.* Because Noorullah will be deported as soon as his new travel documents arrive, which seems inevitable, there is a substantial likelihood that he will be removed in the reasonably foreseeable future. *See generally Zadvydas*, 533 U.S. at 701.

## IV. CONCLUSION

It is therefore **ORDERED** that Noorullah's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 2nd day of April, 2026.**

Michael J. Truncale
United States District Judge

3